IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN ATHEISTS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case Number CIV-14-42-C |
| ) | |
| TRAIT THOMPSON, Chair of the ) | |
| State Capitol Preservation Commission, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Following the placement of a monument depicting the Ten Commandments on the grounds of the state capitol, Plaintiffs filed the present action asserting that the monument violated their constitutional rights. Plaintiffs allege that placement of the monument is a violation of their rights under the First Amendment, as well as the Due Process and Equal Protection Clauses of the United States Constitution. Arguing that Plaintiffs' Complaint fails to state a claim for relief, Defendant filed the present motion pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, Defendants challenge the standing of Plaintiff William Poire, arguing that he lacks standing to bring his claims.

In support of their motion regarding the Establishment Clause, Defendants argue that the facts of this case are indistinguishable from those in <u>Van Orden v. Perry</u>, 545 U.S. 677 (2005). According to Defendants, in <u>Van Orden</u>, the Supreme Court upheld as constitutional a monument which is, for all intents and purposes, identical to that at issue here. According to Defendants, because the monuments are identical, and their placements on state capitol

grounds are the same, Plaintiffs have failed to state a claim for relief. It is the last portion of the previous sentence that distinguishes the present case from Van Ordun and dooms Defendants' motion.

It is the context in which a monument exists that plays a significant role in whether or not a monument runs afoul of the Establishment Clause.[1] The Supreme Court in Van Orden recognized this fact as it noted the monument challenged in that case was in a large park containing 17 monuments and 21 historical markers all designed to illustrate the "ideals" of those who settled in Texas. Id., at 702. The presence of other monuments created a context in which the display promoted historical significance, rather than solely religious belief. As Justice Breyer noted in his concurring opinion in Van Orden, the courts must exercise their legal judgment and consider the physical setting of the monument, examining the overall context in which it resides. Id. at 701-02 (Breyer, J., concurring).

Here, the factual allegations[2] made by Plaintiffs assert the challenged monument stands alone. That is a far different circumstance for placement of the monument than that at issue in Van Orden. Thus, contrary to Defendants' argument, this case is not the same as Van Orden and Defendants' motion will be denied on the Establishment Clause claim.

---

[1] See Green v. Haskell Cnty. Bd. of Comm'rs, 568 F.3d 784, 800 (10th Cir. 2009) ("A challenged government action that might pass constitutional muster in some settings might be deemed 'constitutionally suspect in some other American communities or in other contexts.'") (quoting Weinbaum v. City of Los Cruces, N.M., 541 F.3d 1017, 1039 (10th Cir. 2008)).

[2] Because Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the Court must consider whether Plaintiffs have pleaded facts which, if true, would state a plausible claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

2

According to Defendants, Plaintiffs have failed to demonstrate any violation of the Due Process Clause, but as Plaintiffs note, they do not bring a stand-alone Due Process claim. Rather, Plaintiffs merely note that the Due Process Clause of the Fourteenth Amendment applies the First Amendment to actions by a state. Because Plaintiffs do not bring a separate Due Process Clause claim, Defendants' request for dismissal will be denied, as moot.

As for the Equal Protection claim, Plaintiffs argue that the placement of a clearly religious monument constitutes state discrimination against non-believers or people with a different faith, therefore denying those people the equal protection of laws. Plaintiffs argue the same can be said of the passage of the legislation that directed placement of the monument. Plaintiffs also argue that the conduct of Defendants and their moratorium on placing additional monuments constitutes a policy of exclusion which favors only the current Ten Commandments monument. Neither party offers much legal support for their positions. However, at this stage of the proceeding the burden falls squarely on the shoulders of Defendants. As they have failed to meet this burden, their challenge to Plaintiffs' Equal Protection claim will be denied.

Finally, Defendants challenge the standing of Plaintiff Poire. According to Defendants, Mr. Poire alleges only that he disagrees with the placement of the monument and that its presence discourages him from travel to the Capitol. Plaintiffs disagree, arguing that as with all other Plaintiffs, Mr. Poire objects to the State-sponsored religious aspect of the monument and the fact that the monument was placed by action of the State Legislature through a law respecting the establishment of religion.

> "[T]he irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). First, the plaintiff must have suffered a concrete, actual "injury in fact." Id. Second, there must be a causal connection between the injury and the conduct at issue. Id. Third, it must be likely that a favorable decision will redress the plaintiff's injury. Id. at 561, 112 S.Ct. 2130.

Green, 568 F.3d at 793. Mr. Poire does not allege direct contact with the monument but merely that his knowledge of its presence impacts his rights. The Court finds this level of "injury" insufficient under the facts of this case. As the Supreme Court noted in Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 486 (1982), "the psychological consequence presumably produced by observation of conduct with which one disagrees" is not a sufficient injury in fact to grant standing. Id. at 485. Indeed, in Green, the "injury in fact" issue was decided favorably based, at least in part, on the plaintiff's direct physical contact with the monument.[3] Consequently, the Court finds Mr. Poire does not have standing and he will be dismissed as a Plaintiff.

For the reasons set forth herein, Defendants' Motion to Dismiss (Dkt. No. 16) is DENIED in part and GRANTED in part. To the extent the motion challenges the standing of Plaintiff William Poire, the motion is granted; in all other respects the motion is denied.

IT IS SO ORDERED this 22nd day of May, 2014.

*(signature)*
ROBIN J. CAUTHRON
United States District Judge

---

[3] Green, 568 F.3d 793-94.