IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN ATHEISTS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case Number CIV-14-42-C ) |
| TRAIT THOMPSON, Chair of the State Capitol Preservation Commission, et al., | ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

On November 15, 2012, a monument depicting the Ten Commandments was placed on the north side of the Oklahoma State capitol. It is one of numerous monuments located in the nearly 100 acre capitol complex. On January 13, 2014, Plaintiffs filed the present action challenging the constitutionality of the Ten Commandments monument on the state capitol grounds. According to Plaintiffs, the presence of the monument violates their First Amendment rights, as well as their due process and equal protection rights. Defendants have filed a Motion for Summary Judgment, arguing the undisputed material facts demonstrate

Plaintiffs cannot prevail on their claims. Plaintiffs have filed a Response[1] and the matter is now at issue.

In addition to challenging Plaintiffs' case on its merits, Defendants challenge Plaintiffs' standing to bring this action. In the absence of standing, the Court lacks the power to entertain this suit. Green v. Haskell Cnty. Bd. of Comm'rs, 568 F.3d 784, 792 (10th Cir. 2009). Thus, that issue must be decided first. To establish standing, Plaintiffs must demonstrate, at a minimum, three elements. First, injury in fact; second, a causal connection between the injury and the complained-of conduct; and third, a likelihood of redressability by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

According to Defendants, Plaintiff Breeze lacks standing because she saw the monument only one time before the case was filed. Defendants further assert that on that one occasion, the visit was for the sole purpose of finding the monument to be offended by it. Plaintiff Breeze disagrees, arguing she saw the monument on several occasions. However,

---

[1] Plaintiffs' Response brief is deficient. First, the font used by Plaintiffs in their Response brief fails to satisfy the requirements of LCvR7.1(d), in that the font size is clearly not 13-point font. Second, the statement of facts in the brief fails to identify which of Defendants' facts are disputed. Plaintiffs' brief makes no mention of the facts asserted by Defendants. LCvR56.1(c) states: "All material facts set forth in the statement of the material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." Finally, Plaintiffs offer no evidentiary citation to support their statement of facts, instead referring solely to their Complaint as the supporting basis for each factual statement. It is insufficient for a party to rely solely on allegations from the complaint to refute factually supported statements in a motion for summary judgment. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

a careful reading of Ms. Breeze's deposition, as opposed to the argument of counsel, establishes that she saw the monument only twice. In Plaintiff Breeze's deposition, she is asked a specific question. "Other than in April of 2014 and in January of 2014, have you ever seen the Oklahoma Ten Commandments monument in person other than those two times?" Her answer was, "No." (Defendants' Mtn. for Summ. J., Dkt. No. 41, Ex. 4, p.44.)

Plaintiff Breeze argues in the Response brief that she actually was exposed to the monument every time she visited the capitol. However, the citations to her deposition do not support her assertions. Rather, the cited portions are at best equivocal on whether or not she saw the monument and whether or not she was even at the capitol grounds. The Court recognizes it is obligated to view the facts in the light most favorable to Plaintiff at this stage; however, given the nature of the testimony referenced above, the Court finds that even when viewed that light, Plaintiff Breeze's testimony is clear that her exposure to the monument occurred on only two occasions.

The April visit is of no concern, as it occurred after the present action was filed. Standing is determined at the time the Complaint is filed and not after. Utah Ass'n of Counties v. Bush, 455 F.3d 1094, 1099 (10th Cir. 2006). As for the January visit, Defendants argue this visit could not have occurred. Defendants offer evidence which demonstrates that the event which Plaintiff Breeze stated was the reason for her being on the capitol grounds during the January visit did not, in fact, occur at the capitol grounds. Plaintiff Breeze offers only the above cited deposition testimony in support of her position. Accepting Plaintiff Breeze's testimony on its face and finding that she did see the monument

in January offers no basis to find standing. Plaintiff Breeze's testimony was clear that she went out of her way to find the monument. Indeed, the location of the monument in relation to the capitol building and Plaintiff Breeze's use of that building would require her to walk around the capitol to find the monument. For this reason, assuming that she did see the monument in January of 2014, that act would not, in and of itself, establish standing, as Plaintiff does not have a "special license to roam the country in search of governmental wrongdoing." Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc., 454 U.S. 464, 486-87 (1982).

Concluding that Plaintiff Breeze only saw the monument one time before filing the action, coupled with the fact that the contact's sole purpose was to seek out the monument, the Court finds that Plaintiff has failed to establish the type of personal contact with a state-sponsored image sufficient to demonstrate the direct injury required for standing. See O'Connor v. Washburn Univ., 416 F.3d 1216, 1223 (10th Cir. 2005); and id. at 1222 ("[i]n order to have standing, a party invoking the court's authority 'must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'") (quoting Raines v. Byrd, 521 U.S. 811, 818-19 (1997)). For these reasons, Plaintiff Breeze will be dismissed without prejudice for lack of standing.

Plaintiff American Atheist seeks associational standing; that is, its standing relies upon an injury to one of its members. To do so, it must demonstrate "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief

4

requested requires the participation of individual members in the lawsuit." Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 342-43 (1977). Because it is the party asserting jurisdiction, Plaintiff has the burden of establishing these elements. Nova Health Sys. v. Gandy, 416 F.3d 1149, 1154 (10th Cir. 2005). Here, Plaintiff American Atheist has offered no basis for finding standing other than the harm alleged by Plaintiff Breeze. Consequently, Plaintiff American Atheist has failed its burden of establishing standing to bring this action. Because Plaintiffs have failed to demonstrate they have standing to bring this action, the Court lacks the power to adjudicate their claims. Utah v. Babbitt, 137 F.3d 1193, 1201 (10th Cir. 1998).

## **CONCLUSION**

For the reasons set forth herein, the Court finds that Plaintiffs have failed to establish standing and therefore the Court lacks jurisdiction to decide this action. To the extent Defendants' Motion for Summary Judgment (Dkt. No. 41) challenges Plaintiffs' standing, it is GRANTED; in all other respects the Motion is denied as moot, as the Court lacks jurisdiction to consider the issue. This matter is DISMISSED without prejudice. All other pending motions are STRICKEN as moot. A separate judgment will issue.

IT IS SO ORDERED this 10th day of March, 2015.

ROBIN J. CAUTHRON
United States District Judge